(No. 4004—

BEN WEISS AND HELEN WEISS, ETC., vs. STATE OF ILLINOIS.

*Opinion filed March 25, 1947.*

EDWIN M. KATZ, for claimants.

GEORGE F. BARRETT, Attorney General, and C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

DAMRON, J.

Claimants seek an award of $500.98 as a refund of an overpayment in the remittance of motor fuel tax. By

stipulation of the parties, the report of the Department of Revenue, filed herein, constitutes the record. It shows that claimants were doing business as co-partners under the name of Dixie Gas Company and were licensed as distributors under the Motor Fuel Tax Law on November 15, 1945 under license No. 2509, all operations being conducted in Chicago, Illinois.

Under date of December 18, 1945, claimants made a report to the Department of Revenue for the month of November 1945 which showed no transactions. Under date of January 14, 1946, the distributor reported for the month of December 1945. The report showed an opening inventory as of December 1, 1945 of 17,040 gallons of motor fuel. The report computed tax on motor fuel on hand as of December 1, 1945, and on all received in December 1945 except 19,686 gallons on hand the 31st of December which was forwarded to January 1946 accounting.

The beginning inventory of 17,040 gallons, reported on the distributor's December 1945 report, was marked for investigation by the Department for the reason the distributor's reports for December 1945 and January 1946 accounted for all motor fuel on hand as of December 1, 1945, as above stated, and all received in December 1945 and January 1946. The report further divulges that the motor fuel tax was paid by claimants to the Department on all sales in these two months. As of January 31, 1946, a new license certificate was issued to claimants doing business as the North Side Petroleum Company, this license was numbered 2539 and the old license numbered 2509 was cancelled.

The report shows that the investigation of the distributor's records and cross checking of receipts from November 15, 1945 to January 31, 1946 disclosed that the

November report above referred to was in error. It was amended, according to the departmental investigation, so as to report the inventory as of November 15, 1945, and the receipts from that date to November 30, 1945 all being tax paid. The amended November report also showed that as of November 30, 1945, the distributor had on hand, tax paid, 17,040 gallons.

An amended report was also made for the month of December 1945 showing that the said 17,040 gallons was deductible from the accounting thus correcting the amount of tax due for December 1945 from $2,626.22 to $2,124.24 which shows an overpayment to the Department by the claimants in the amount of $500.98.

The purpose of the Motor Fuel Tax Law as set forth in the Act, is "to impose a tax upon the privilege of operating each motor vehicle upon the public highways of this State such tax to be based on the consumption of motor fuel in such motor vehicle," etc.

It is based upon the amount of motor fuel consumed in each motor vehicle. The tax is paid in the last analysis by the ultimate purchaser but is collected in the first instance by the dealer who is required to pay over to the State all moneys so collected by it.

The money which is collected by the dealer and paid by it to the State is not the proceeds of a tax assessed against such dealer. The collection of the tax is made through the instrumentality of the dealer, who acts as an agent of the State in that behalf.

This case, therefore, is essentially different on the facts from the cases which involve the voluntary payment of an illegal or excessive tax.

Where money is paid to another under the influence of a mistake of fact, that is, on the mistaken supposition of the existence of a specific fact which would entitle the

other to the money, and the money would not have been paid if it had been known to the payer that the fact was otherwise, it may be recovered. *Mitchell and Hills* vs. *State,* 12 C.C.R. 317.

The record discloses that the payment made by this claimant in this case clearly was made under a mistake of fact and therefore claimant is entitled to the return of the amount of money overpaid by it. An award is therefore entered in favor of claimant in the sum of Five Hundred Dollars and Ninety-Eight Cents ($500.98).